McNULTY, Acting Chief Judge.
In this inverse condemnation suit, appel-lee Mrs. Simpson seeks compensation for a road “taken” by the city for public use. From an adverse judgment after a non-jury trial the city appeals.
Appellee acquired title by deed to the land through which the subject road passes; but the deed expressly excluded “all roads and streets” from the description of the lands otherwise conveyed thereby., It’s undisputed at this juncture that at the time of the aforesaid conveyance the “road” involved herein was being used by the public for ordinary purposes of travel, although no prescriptive rights had matured then nor have matured since. Additionally, it appears that such road had not been “maintained” by the city until comparatively recently and that, in any case, the city has not maintained it for a sufficient period of time so as to give rise to a presumptive dedication within the purview of F.S. § 337.31, F.S.A. 1971. The issue devolves, then, whether Mrs. Simpson acquired ownership of such strip pursuant to the aforesaid deed.
At trial, appellee was permitted over objection to introduce parol evidence tending to establish that the road in question was not intended to be included within the omnibus exclusion in the deed relating to “all roads and streets.” Apparently the rationale upon which such testimony was admitted is that which permits parol to clarify a latent ambiguity in a written instrument. Anyhow, based on such testimony, the court found that the subject road was indeed outside the exclusion and that ap-pellee is the “owner” entitled to compensation for its taking. We reverse.
The term “all roads” is not one of art. When used in a written instrument to delineate or describe certain parcels of lands it has a clear, unequivocal common meaning. It is therefore not latently ambiguous for purposes of forming a predicate for the admission of parol for its clarification.
Now true it is that if the question to be answered by parol is whether a given piece of land described as a road in a written instrument is, in fact, being used as a “road,” such evidence would of course be admissible to establish such fact. But given such use, as here, if the question is whether such road was indeed meant to be a road in the first place, though so described in the written instrument, parol is inadmissible to deny it. Moreover, the term “all roads” is even less amenable to parol. It follows, then, that parol is inadmissible herein to establish that the term “all roads” really means “all roads except one.”
We hold therefore that as a matter of law Mrs. Simpson did not acquire title to the strip in question herein and thus cannot maintain this action. In view whereof, the judgment appealed from is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
GRIMES, J., and CALHOUN, JAMES P., Associate Judge, concur.